# IN THE COURT OF APPEALS OF IOWA

No. 13-1945
Filed June 15, 2016

**DAVID HERING,**
       Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
       Respondent-Appellee.
_____

       Appeal from the Iowa District Court for Muscatine County, Marlita A. Greve (motion for summary judgment), and Gary D. McKenrick (postconviction ruling), Judges.

       Applicant appeals the district court order denying his application for postconviction relief from his convictions for murder and two counts of attempted murder. **AFFIRMED.**

       William R. Monroe of the Law Office of William Monroe, Burlington, for appellant.

       David Hering, Anamosa, appellant pro se.

       Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

       Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

David Hering appeals the district court order denying his application for postconviction relief from his convictions for murder and two counts of attempted murder. We find no error in the district court's rulings. Hering has not met his burden to show he received ineffective assistance of counsel. We affirm the decision of the district court denying Hering's application for postconviction relief.

## I. Background Facts & Proceedings

Hering was charged with murder and two counts of attempted murder. The State alleged Hering shot his wife, Lisa, then shot at two officers who were responding to a 911 call at his home. During his criminal trial, the defense did not contest whether Hering committed the offenses but relied upon the defense of insanity. Dr. Kirk Witherspoon testified Hering suffered from paranoid schizophrenia and met the criteria for legal insanity at the time of the offenses. The State's expert, Dr. Michael Taylor, agreed Hering had paranoid schizophrenia but testified Hering was capable of forming specific intent. The jury found Hering guilty of murder and two counts of attempted murder. Hering's convictions were affirmed on appeal. *See State v. Hering*, No. 04-1222, 2006 WL 60678, at *1 (Iowa Jan. 11, 2006).

While Hering's criminal case was pending, the Muscatine County Sheriff filed a petition for the appointment of a conservator for Hering. The petition asserted Hering was a person "whose decision-making capacity is so impaired that the person is unable to make, communicate, or carry out important decisions concerning the proposed ward's financial affairs." The district court entered an order on October 6, 2003, finding "the proposed ward, David L. Hering, is

presently incarcerated in the Muscatine County Jail and that it would be in his best interests that a Conservator be appointed during the pendency of his incarceration and that [a bank] is suitable and qualified to act as such Conservator."

On April 10, 2006, Hering filed an application for postconviction relief raising eighty-seven claims of ineffective assistance of counsel. The State filed an answer on April 11, 2006. The application was amended on November 17, 2009, November 20, 2009, and November 4, 2011.[1] In responding to a motion, on May 19, 2010, the district court noted, "The conservatorship proceeding may have been prompted more by his incarceration and a desire to preserve his assets for his children, than a truly impaired capacity to make, communicate, or carry out important decisions concerning his financial affairs." Depositions of defense counsel, David Treimer and J.E. Tobey III, were taken in 2010.

On December 12, 2011, Hering filed a motion for summary judgment, claiming his convictions should be overturned because the State had not filed a response to his amended applications. The State resisted the motion. The district court entered a ruling on February 9, 2012, denying the motion for summary judgment.

A postconviction hearing was held on July 16, 2013. Hering testified via the Iowa Communications Network (ICN), but there were technological problems, and the court determined it was unable to make a proper record of his testimony. The court ordered Hering's deposition to be taken at Anamosa State

---

[1] Hering also filed a new application for postconviction relief on September 16, 2013. The district court considered the new application as a motion to amend the pending application for postconviction relief and denied the motion as untimely.

Penitentiary, where he was serving his sentence. The hearing continued, and Treimer testified concerning his representation of Hering, stating Hering agreed to pursue the defense of insanity. Treimer testified Dr. Witherspoon found Hering competent to stand trial. Postconviction counsel cross-examined Treimer, and then Hering engaged in a pro se cross-examination concerning many aspects of the criminal case.

The prosecutor and postconviction counsel traveled to Anamosa to take Hering's deposition on October 2, 2013. Hering stated he would not testify until after the court had the testimony of Treimer and Tobey, and then Hering would testify in rebuttal. On October 29, 2013, the district court issued an order stating the submission of evidence was not completed at the hearing on July 16, 2013, and the remainder of the testimonial evidence by deposition must be submitted by November 8, 2013. On November 6, 2013, the State submitted the depositions of Treimer and Tobey taken in 2010 in an offer of proof. Hering submitted two pro se briefs, exhibits, and an affidavit in support of his claims.

The district court entered a ruling on November 25, 2013, finding:

> Although the Court has considered and reviewed each of the applicant's claims, the Court finds it unnecessary to discuss the multiple particulars which the applicant asserts to be instances of ineffective assistance of counsel. Most, if not all, are factually without merit and are the products of the applicant's fantasy. The overwhelming credible evidence before this Court shows that criminal defense counsel made a well-reasoned and informed strategic decision to pursue an insanity defense on the applicant's behalf and that the applicant approved of that strategy at the time. The evidence of the applicant being the person who killed his wife and fired shots at law enforcement officers who responded to his child's 911 call is virtually irrefutable.

The court determined Hering had failed to show he received ineffective assistance of counsel and denied his application for postconviction relief. Hering appeals.[2]

## II. District Court Rulings

**A.** Hering claims the district court should have made specific findings of fact and conclusions of law as to each issue he presented in his application for postconviction relief. Iowa Code section 822.7 (2005) provides, "The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." Substantial compliance with this rule is sufficient. *Gamble v. State*, 723 N.W.2d 443, 446 (Iowa 2006). "Even if the court does not respond to all of the applicant's *allegations*, the ruling is sufficient if it responds to all the *issues* raised." *Id.*; *see also Jones v. State*, 731 N.W.2d 388, 392 (Iowa 2007) (noting the "court need not address every allegation made by an applicant, but must respond to every issue raised"). We determine the district court substantially complied with section 822.7 by responding to all of the issues raised in Hering's application for postconviction relief.

**B.** Hering claims the district court should have held a competency hearing prior to his criminal trial. The court, on its own motion, may schedule a hearing if there are specific facts showing a hearing should be held on the issue of competency. Iowa Code § 812.3. In the postconviction proceeding, Hering

---

[2] After Hering appealed on November 25, 2013, he filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) on December 9, 2013. The district court ruled on the motion, and Hering filed a second notice of appeal on December 11, 2013. "[T]he district court loses jurisdiction over the merits of the controversy and may not consider any posttrial motions filed after the notice of appeal." *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa 2000). Therefore, we do not consider Hering's posttrial motion or the court's ruling on the motion.

did not present specific facts showing he was suffering from a mental disorder that prevented him from appreciating the charge, understanding the proceedings, or assisting effectively in the defense. *See id.* We find no error in the district court's failure to raise the issue of competency sua sponte.

**C.** In his pro se brief, Hering claims the district court should have granted his motion for summary judgment. He asserted the State's failure to file an answer to his amended petitions for postconviction relief meant the State conceded those issues. Our review on this issue is for the correction of errors at law. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). An applicant is not entitled to a default judgment when the State has failed to file a timely response to an application for postconviction relief. *Furgison v. State*, 217 N.W.2d 613, 618 (Iowa 1974). We determine the district court did not err in denying Hering's motion for summary judgment.

### III. Ineffective Assistance

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

**A.** Hering claims he received ineffective assistance because defense counsel presented an insanity defense, rather than presenting a general denial he committed the offenses. During the trial, the defense did not deny Hering shot

his wife and then shot at two officers but asserted he was legally insane at the time. Hering states defense counsel did not adequately investigate exculpatory evidence, which he believes could have shown he did not murder his wife or shoot at the officers.

"Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Ledezma*, 626 N.W.2d at 143. "Thus, claims of ineffective assistance involving tactical or strategic decisions of counsel must be examined in light of all the circumstances to ascertain whether the actions were a product of tactics or inattention to the responsibilities of an attorney guaranteed a defendant under the Sixth Amendment." *Id.* "While strategic decisions made after 'thorough investigation of law and facts relevant to plausible options are virtually unchallengeable,' strategic decisions made after a 'less than complete investigation' must be based on reasonable professional judgments which support the particular level of investigation conducted." *Id.* (citation omitted).

We find Hering agreed to the presentation of an insanity defense, rather than a general denial he committed the offenses. Both Treimer and Tobey testified the matter was discussed with Hering and he agreed to the insanity defense. They also both testified as to why they believed the insanity defense was the best defense to present in this case. In addition to the testimony of Dr. Witherspoon, they presented the testimony of several witnesses concerning Hering's bizarre conduct shortly before the incident, such as driving his tractor in fields late at night and shooting a neighbor's satellite dish because he believed it was receiving alien signals or spying on him. Furthermore, the evidence does

not show defense counsel decided to present an insanity defense due to inadequate investigation of the case, but as Treimer testified, "the evidence was substantial that he had actually shot his wife, and a general denial wasn't going to fly."

Hering also states defense counsel could have presented inconsistent defenses by arguing he did not commit the offenses, but if he did commit the offenses, he was legally insane at the time. Tobey testified he believed inconsistent defenses should be avoided whenever possible. He stated, "First, it is what citizens who aren't lawyers hate about lawyers, and when you do it, it inevitably will spray that hatred on your client. And if there's any way to avoid it, you'll avoid it." He also stated, "[I]t would have been tactically irresponsible to abandon the evidence that we had and to argue that in the alternative."

We conclude Hering has not shown he received ineffective assistance of counsel based on the presentation of an insanity defense at his criminal trial, rather than a general denial he committed the offenses.

**B.** Hering, in his pro se brief, claims he received ineffective assistance because defense counsel did not file a motion in limine seeking to prevent the State's expert witness from giving opinion testimony on legal standards or object to such testimony during the criminal trial. He states Dr. Taylor was improperly permitted to testify Hering "was fully capable of forming intent, the specific intent to kill."

Iowa Rule of Evidence 5.704 provides, "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." "However, an

expert may not opine as to whether a particular legal standard has been satisfied or to 'the defendant's guilt or innocence.'" *State v. Tyler*, 867 N.W.2d 136, 153–54 (Iowa 2015) (citation omitted). Here, Dr. Taylor did not give an opinion about Hering's guilt or innocence but instead gave a more general opinion he was capable of forming the requisite specific intent. We conclude Hering has not shown he received ineffective assistance due to defense counsel's decision not to object to the testimony of Dr. Taylor on this ground.

**C.** Hering claims he received ineffective assistance because defense counsel did not file a motion to suppress evidence obtained under a search warrant. He states the search warrant application and the warrant were defective so everything seized during the search should be suppressed. Hering does not state what particular items were discovered during the search or how the evidence was detrimental to his criminal case. At the postconviction hearing, Treimer testified a motion to suppress was not filed because "we wanted evidence that was seized from your property for us to use against the State's evidence in trial." Hering has not shown he was prejudiced by the failure to file a motion to suppress and, thus, has not shown he received ineffective assistance of counsel. *See Ledezma*, 626 N.W.2d at 142 ("If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently.").

**D.** To the extent Hering may be claiming he received ineffective assistance due to defense counsel's failure to request a competency hearing prior to his criminal trial, we conclude he has not met his burden to show he received ineffective assistance. The conservatorship was a separate civil

proceeding under chapter 663 based upon a different standard than a competency determination under chapter 812. Defense counsel raised the issue with Dr. Witherspoon, who gave the opinion Hering was competent to stand trial. Defense counsel stated Hering appreciated the charge, understood the proceedings, and was able to effectively assist in his defense. *See* Iowa Code § 812.3.

**E.** Hering's pro se appellate brief refers to several additional claims of ineffective assistance of counsel without specifically setting out those issues, making an argument in support of them, or citing authority. We conclude these claims have not been sufficiently presented under Iowa Rule of Appellate Procedure 6.903(2)(g) and we do not address them. Additionally, the State's appellate brief refers to numerous issues not raised on appeal by postconviction counsel or Hering. Postconviction counsel and Hering then raised those issues in their reply briefs. "We have long held that an issue cannot properly be asserted for the first time in a reply brief." *State v. Walker*, 574 N.W.2d 280, 288 (Iowa 1998).

We affirm the decision of the district court denying Hering's application for postconviction relief.

**AFFIRMED.**